

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807

T: 908-722-0700
F: 908-722-0755

May 29, 2026

<u>Via ECF</u>
Hon. Edward S. Kiel, U.S.D.J.
United States District Court, District of New Jersey
4th & Cooper Street
Camden NJ 08101

Re:    **Forsyth v. Harbor House Seafood, Inc., et al.**
       **Civil Action No. 1:22-cv-06543-ESK-SAK**

Dear Judge Kiel:

Pursuant to Your Honor's Rules and Preferences, we respectfully write on behalf of Defendants Harbor House Seafood, Inc. ("HHSI"), Harbor House Seafood, LLC ("HHSLLC"), and Mark Bryan (collectively, "Defendants"), to request a pre-motion conference concerning Defendants' anticipated motion to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The grounds for Defendants' anticipated motion are below.

## I.    Background

On July 20, 2012, Mr. Bryan—who has ownership interests in HHSI and HHSLLC—was convicted in this Court of conspiracy and substantive charges involving the creation of false records concerning oysters, trafficking oysters in violation of New Jersey law, falsifying records within the FDA's jurisdiction, and obstructing a NOAA investigation. On March 2, 2015, he was sentenced to 26 months' imprisonment and 3 years' supervised release. On the same day, a company with which he was involved, Harbor House, Inc., received a sentence of 5 years' probation.

Plaintiff filed this *qui tam* action under the False Claims Act (the "FCA"), 31 U.S.C. § 3729 *et seq*. Plaintiff claims Defendants falsely answered criminal history questions on applications for loans submitted in April 2020, July 2020, and January 2021 under the COVID-19 Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") program. Plaintiff also insinuates, but does not actually allege, that Defendants misused the proceeds received from those loans. Finally, Plaintiff attempts to allege a claim for unjust enrichment.

After a lengthy investigation, the Government declined to intervene in this case.

## II.    Bases for Dismissal

### A.    Defendants' Criminal History Answers Did Not Violate the FCA

#### 1.    All Applications

All of the criminal history questions at issue asked whether, within the five years preceding the application, an owner of the applicant had been placed on or commenced "any form of parole or probation (including probation before judgment)?" Defendants answered "No" to these questions because, while Mr. Bryan had been placed on *supervised release*, he had never been



placed on ***parole or probation***.  Defendants' answers were not false, a necessary element of a claim under the FCA.

Supervised release clearly is not a form of parole because it was established in a sentencing reform act that abolished parole. *United States v. Haymond*, 588 U.S. 634, 651-52 (2019). Supervised release, moreover, is fundamentally different than probation.  The relevant statutory provisions make probation and supervised release different sentences.  *See* 18 U.S.C. §§ 3551(b) (framework provision of federal sentencing that separates sentences of probation and imprisonment, of which supervised release is a part); 3561-3566 (provisions governing probation); 3583 (provision governing supervised release).  These provisions reflect that probation and supervised release are of a different character and serve different purposes—probation is a criminal sentence that does not involve sustained prison time and is imposed *in lieu* of a sentence of imprisonment, while supervised release is post-confinement monitoring imposed as part of a sentence of imprisonment. *United States v. Reyes*, 2026 U.S. Dist. LEXIS 65704, at *3 n.1 (D.N.J. Mar. 27, 2026).  The United States Supreme Court and other federal courts regularly have noted the differences between supervised release and probation in a variety of contexts. *See, e.g.*, *United States v. Granderson*, 511 U.S. 39, 50-51 (1994).  Indeed, in at least one context, the Supreme Court has concluded that the structural differences between parole/probation and supervised release are so significant that they have "constitutional consequences." *Haymond*, 588 U.S. at 652.

## 2.  The January 2021 PPP Loan Application

Defendants' answer on the January 2021 PPP loan application was not false for an additional reason. That question applied only to: (a) felonies in the last five years involving "fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance"; or (b) "any felony" within the last year.  Mr. Bryan's criminal history does not include a felony in the year prior to the January 2021 application. Nor does his criminal history include a felony involving fraud, bribery, or embezzlement.  Finally, while he was convicted for crimes involving making false records, those convictions did not involve "a false statement in a loan application or an application for federal financial assistance."

## 3.  The April 2020 PPP Loan Criminal History Question Was Unlawful and Defendants' Answers Were Not Material

Defendants also cannot be liable for their answers in the April 2020 PPP loan applications because the question was based on an unlawful rule.  When it promulgated the rule behind the April 2020 criminal history question, the Small Business Administration ("SBA") failed to provide any explanation for the rule's criminal history exclusions.  This failure makes the rule unlawful under the Administrative Procedure Act. *Defy Ventures, Inc. v. United States SBA*, 469 F. Supp. 3d 459, 475 (D. Md. 2020).

Moreover, Defendants' answers were not material in light of the SBA's subsequent guidance clarifying disqualifying criminal history. *See United Health Servs. v. United States ex rel. Escobar*, 579 U.S. 176, 192-95 (2016) (explaining the "demanding" nature of the FCA's materiality requirement).  The SBA amended the rule behind the PPP criminal history questions multiple times after April 2020 to clarify the specific criminal history that disqualified an applicant from receiving PPP funds.  In the last interim rule applicable in this case, the SBA specified that only the following types of crimes were disqualifying: "a felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial

assistance within the last five years or any other felony within the last year." 85 Fed. Reg. 38301, 38303. Mr. Bryan was not convicted of or sentenced for any of these types of crimes. Accordingly, Defendants' answers to the April 2020 criminal history questions could not have influenced the SBA's decision concerning Defendants' requests for PPP loans because Defendants accurately denied a criminal history involving the specific crimes that the SBA deemed disqualifying.

### 4. Defendants Did Not Knowingly Make a False Statement in the Applications

Even if Defendants answered the criminal history questions incorrectly, they did not ***knowingly*** present a false claim as required under the FCA. 31 U.S.C. § 3729(a)(1)(A) & (b)(1); *see also United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023) (explaining that the FCA's knowledge requirement refers to a defendant's knowledge and subjective beliefs). At the very least, the criminal history questions at issue are ambiguous and Defendants' interpretation of the questions was reasonable. To state the obvious, the words are materially different, and Mr. Bryan was acutely aware that his "supervised release" involved imprisonment, whereas his company's "probation" did not. A party is not liable under the FCA when it makes a good faith or innocent mistake about the meaning of an applicable rule or regulation. *United States ex rel. Purcell v. MWI Corp.*, 807 F.3d 281, 287-88 (D.C. Cir. 2015).

### B. The Alleged Use of Funds Fraud

Plaintiff also appears to suggest that Defendants violated the FCA by misusing loan proceeds. Plaintiff's allegations, however, are based on "information and belief" and therefore do not satisfy the requirements of Fed. R. Civ. P 9(b). *United States ex rel. Hunter v. Fillmore Cap. Partners, LLC*, 2024 U.S. Dist. LEXIS 41806, at *21-*22 (D.N.J. Mar. 11, 2024). Moreover, Plaintiff does not actually allege that Defendants misused PPP loan proceeds. Instead, he merely claims, "[u]pon information and belief," that after receipt of one of the loans at issue, "significant amounts of money were disbursed from the HHS Operating Account to pay for corporate debts of HHSI affiliates." (ECF 18, ¶ 71.) Allegations of facts that could have either a legal or illegal explanation are insufficient to state a claim under Rule 9(b). *Jensen ex re. United States v. Genesis Lab'y Mgmt., LLC*, 2025 U.S. Dist. LEXIS 267257, at *9 (D.N.J. Dec. 30, 2025).

### C. The *Qui Tam* Provision of the False Claims Act Is Unconstitutional

The Court also should dismiss the First Amended Complaint because the *qui tam* provision of the FCA—which allows private citizens to sue for violations of the FCA on behalf of the United States—violates Article II of the Constitution. *United States ex rel. Polansky v. Executive Health Res., Inc.*, 599 U.S. 419, 449 (2023) (Thomas, J., dissenting); *id.* at 442 (Kavanaugh, J., joined by Barrett, J., concurring); *United States ex rel. Montcrief v. Peripheral Vascular Assocs., P.A.*, 133 F.4th 395, 410-12 (5th Cir. 2025) (Duncan, J., concurring); *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 751 F. Supp. 3d 1293, 1324 (M.D. Fla. 2024).[1]

### D. Unjust Enrichment

Finally, the Court should dismiss Plaintiff's unjust enrichment claim. A relator in a *qui tam* suit lacks standing to assert a common law cause of action like unjust enrichment. *United States v. Bracco USA Inc.*, 2022 U.S. Dist. LEXIS 232113, at *20-*21 (D.N.J. Dec. 27, 2022).

---

[1] Many federal courts have rejected similar arguments. *See, e.g.*, *United States ex rel. Penelow v. Janssen Prods., LP*, 2025 U.S. Dist. LEXIS 58463, at *35-*36 (D.N.J. Mar. 28, 2025) (collecting cases).

Norris McLaughlin, P.A.
Hon. Edward S. Kiel, U.S.D.J.                    May 29, 2026                                    Page 4

       Based on the foregoing, we respectfully submit that Defendants should be granted leave to file their motion to dismiss.

                              Respectfully submitted,
                              **NORRIS McLAUGHLIN, P.A.**
                              *Attorneys for Defendants*

                              */s/ Mina Miawad*
                              Mina Miawad